# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JAMES E. KILLIAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07 C 4755 |
| | ) | |
| CONCERT HEALTH PLAN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER AND OPINION

MARVIN E. ASPEN, District Judge:

Plaintiff James E. Killian ("Killian") brings suit alleging that defendant Concert Health Plan ("Concert") failed to meet notification requirements under the Employee Retirement Income Security Act ("ERISA"). Concert filed a motion for a more definite statement. For the reasons stated below, Concert's motion is denied.

## BACKGROUND

As the administrator of the estate of Susan M. Killian, Killian seeks to recover benefits that are allegedly due, to enforce his rights under an employee benefit welfare plan, and to clarify his rights to future plan benefits. In this ERISA action, Killian alleges that Susan M. Killian was a participant in the Concert Health Plan, that he requested welfare benefits in the form of coverage for medical services from Concert and that Concert denied his request on September 20, 2006. Concert subsequently failed to comply with "regulations regarding notification of benefit determinations." (Compl. ¶¶ 1-5). Killian seeks an order directing Concert to provide the welfare

-1-

benefits he requested, or, in the alternative, a monetary award for the covered medical expenses. Concert now moves for a more definite statement under Federal Rule of Civil Procedure 12(e).

## ANALYSIS

Under the Federal Rules of Civil Procedure, the pleadings are intended to put a defendant on notice of the basic nature of a plaintiff's case, leaving details of fact and law to other documents. *Bartholet v. Reihauser*, 953 F.2d 1073, 1078 (7th Cir. 1992); *Abdoh v. City of Chi.*, 930 F. Supp. 311, 313 (N.D. Ill. 1996). Rule 8(a)(2) requires only a short and plain statement of the claim showing that the plaintiff is entitled to relief. Motions for a more definite statement are generally disfavored, and are usually granted only when the pleading is so unintelligible that the movant cannot draft a response. *United States for Use of Argyle Cut Stone Co. v. Paschen Contractors, Inc.*, 664 F. Supp. 298, 303 (N.D. Ill. 1987); *Brock v. Local 512, Transp. Workers Union of Am.*, No. 85 C 5848, 1985 WL 2907, at *1 (N.D. Ill. Sept. 27, 1985).

Concert argues that it requires more detail before it can answer the complaint. For example, Concert requests that Killian specify which section of ERISA is applicable to his claims. However, a complaint need not include details of fact and law, specify a legal theory, or identify the pertinent section of a statute. *McDonald v. Household Int'l, Inc.*, 425 F.3d 424, 427-28 (7th Cir. 2005); *Bartholet*, 953 F.2d at 1078. Additionally, Concert seeks more information regarding the details of Killian's claim, including which adverse benefit determination is at issue, Concert's role in that determination, and what rights under the plan Killian seeks to clarify. Killian has alleged that Susan M. Killian was a plan participant, that Concert denied Killian's request for benefits on September 20, 2006, and that Concert failed to comply with notification requirements. Based on these allegations, Concert can reasonably be required to frame an answer or other responsive pleading.

Concert's motion for a more definite statement is therefore denied. It is so ordered.

                                                 MARVIN E. ASPEN
                                                 United States District Judge

Date: March 11, 2008