## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| JAMES E. KILLIAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 07 C 4755 |
| | ) |
| CONCERT HEALTH PLAN, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Plaintiff James E. Killian ("Killian") filed a complaint against Defendant Concert Health Plan ("Concert") alleging that Concert failed to comply with notification regulations under the Employment Retirement Income Security Act ("ERISA"). Presently before us is Defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(6). For the reasons discussed below, we deny the motion.

### BACKGROUND

As the administrator of Susan M. Killian's estate, Killian seeks to enforce and to clarify his rights under an employee benefit welfare plan. Killian alleges that Susan M. Killian was a participant in the Concert Health Plan, that he requested welfare benefits in the form of coverage for medical services from Concert, and that Concert denied his request on September 20, 2006. (Compl. ¶¶ 3-4). Killian claims Concert subsequently made an "adverse benefit determination," as defined by the Department of Labor, and allegedly failed to comply with "regulations regarding notification of benefit determinations." (*Id.* ¶ 5). Killian seeks an order directing

1

Concert to provide the welfare benefits he requested or, in the alternative, a monetary award for the covered medical expenses. Concert now moves to dismiss under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(6).

## ANALYSIS

### I. Waiver of Rule 12(b)(2) and 12(b)(3) Defenses

Rule 12(g) requires a defendant to raise all defenses under 12(b)(2)-(5) at one time, under penalty of waiver. Fed. R. Civ. P. 12(g). Rule 12(h)(1) provides that a defense of improper venue, among others, is waived (A) if omitted from a motion described in Rule 12(g), or (B) if it is neither made by motion "nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course." Fed. R. Civ. P. 12(h)(1). In sum, a defendant's motion for a more definite statement precludes second preliminary motions on Rule 12 defenses that the defendant could have reasonably asserted in its initial motion. *See generally* 5A C. Wright & A. Miller, *Fed. Practice & Procedure* § 1388, at 737-38 (2d ed. 1990); *see also Cima v. Wellpoint Healthcare Networks, Inc.,* No. 05-cv-4127, 2007 WL 1068252, at *3 (S.D. Ill. Apr. 6, 2007). Although this waiver issue was not briefed by the parties, we conclude that Concert has waived its opportunity to file a motion to dismiss under both Rule 12(b)(2) for lack of personal jurisdiction and Rule 12(b)(3) for improper venue because it failed to include these arguments in its December 3, 2007 Rule 12(e) motion.

Even if these defenses are not waived, both personal jurisdiction and venue are satisfied. Personal jurisdiction is proper under ERISA if "the defendant is properly served, and has sufficient minimum contacts within the United States . . . as a whole." *Cent. States, Se. & Sw. Areas Pension Fund v. Phencorp Reinsurance Co.*, 440 F.3d 870, 875 (7th Cir. 2006) (citing

*Waeltz v. Delta Pilots Ret. Plan*, 301 F.3d 804, 808 (7th Cir. 2002)). Likewise, ERISA's venue provision, 29 U.S.C. § 1132(e)(2), provides that venue is proper in the district (1) where the welfare benefit plan is administered; (2) where the breach took place; (3) where a defendant resides; or (4) where a defendant may be found. 29 U.S.C.A. § 1132(e)(2). The parties here do not dispute that Concert's administrative offices are located in Oakbrook, Illinois, which is located in our district.[1] Therefore, both personal jurisdiction and venue are proper in this court. *See id.*

## II. Rule 12(b)(1) Jurisdiction Analysis

Concert alleges that Killian's complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. A plaintiff faced with a 12(b)(1) motion to dismiss bears the burden of establishing that the jurisdictional requirements have been met. *Kontos v. U.S. Dep't. of Labor*, 826 F.2d 573, 576 (7th Cir. 1987). We find that we have federal question jurisdiction pursuant to 28 U.S.C. § 1331, which provides that "[t]he district courts shall have jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." A plaintiff establishes a claim "arising under" federal law when the federal question appears in his well-pleaded complaint. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S. Ct. 1542, 1546 (1987). Killian pleads an action under ERISA to recover benefits due, and to enforce and clarify his rights. (Compl. ¶ 1). Due to Killian's pleading under ERISA,

---

[1] Furthermore, it is not necessary that the defendant be the plan administrator or trustee: "ERISA permits suits to recover benefits only against the Plan as an entity." *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1490 (7th Cir. 1996) (citing *Gelardi v. Pertec Computer Corp.,* 761 F.2d 1323, 1324 (9th Cir. 1985)); *see also* 29 U.S.C. § 1132(d)(2) ("Any money judgment under this subchapter against an employee benefit plan shall be enforceable only against the plan as an entity and shall not be enforceable against any other person unless liability against such person is established in his individual capacity under this subchapter.").

this court has subject matter jurisdiction and Concert's 12(b)(1) motion is denied.

### III. Rule 12(b)(6) Analysis[2]

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). A court may grant a motion to dismiss under Rule 12(b)(6) only if a complaint lacks "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007); *see Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618-19 (7th Cir. 2007); *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007). A sufficient complaint need not give "detailed factual allegations," but it must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 127 S. Ct. at 1964-65; *Killingsworth*, 507 F.3d at 618-19. These requirements ensure that the defendant receives "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 127 S. Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 102 (1957)); *see also* Fed. R. Civ. P. 8(a). In evaluating a motion to dismiss, we must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Thompson v. Ill. Dep't. of Prof'l Reg.*, 300 F.3d

---

[2] As an initial matter, Concert has attached various exhibits to its motion. Thus, we must determine whether to convert it into a motion for summary judgment. *See Cont'l Cas. Co. v. Am. Nat. Ins. Co.*, 417 F.3d 727, 731 (7th Cir. 2005) ("If, on a motion asserting defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."). Neither party requested conversion and we decline to do so *sua sponte*; we will limit our consideration to the facts asserted in the complaint, along with the legal arguments of the parties made in support of and in opposition to the motion.

750, 753 (7th Cir. 2002).

Concert argues that Killian has failed to state a claim because it has paid all benefits due under the plan. Concert also argues that Killian has not been denied benefits that would trigger an ERISA claim. Lastly, Concert argues that it complied in full with ERISA's notification requirements, contrary to Killian's complaint. We note that Concert's arguments raise factual questions, rather than pleading deficiencies. Killian's complaint alleges that he is still owed money from Concert. At this juncture, we accept this allegation as true.

Killian must establish three relevant factors to state a claim within the scope of ERISA § 502(a): (1) he is eligible to bring a claim under that section; (2) the cause of action falls within the scope of an ERISA provision that the plaintiff can enforce via § 502(a); and (3) any state law claim by Killian cannot be resolved without an interpretation of the contract governed by ERISA. *Jass*, 88 F.3d at 1487 (citing *Rice v. Panchal*, 65 F.3d 637, 641-47 (7th Cir. 1995)). The first point is not contested, and the third point is not an issue in this case as Killian brings no state claims. Thus, we turn to the second point: whether Killian's cause of action falls within the scope of an ERISA provision.

Federal complaints plead *claims* rather than facts. Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Conley,* 355 U.S. at 47. Killian's complaint has alleged adequately an ERISA claim: Killian requested welfare benefits in the form of coverage for medical expenses from Concert under Susan's plan as a Royal Management employee; Concert denied his request on September 20, 2006 by not paying for certain medical services. (Compl. ¶¶ 4-5). Although his

complaint may be brief, we cannot conclude that Killian has failed to state a claim. Accordingly, Concert's Rule 12(b)(6) motion is denied.

**CONCLUSION**

For the reasons discussed above, we deny Concert's motion. It is so ordered.

MARVIN E. ASPEN
United States District Judge

Date: June 24, 2008