**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES E. KILLIAN, as Independent Administrator of the Estate of SUSAN M. KILLIAN, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 07 C 4755 |
| CONCERT HEALTH PLAN INSURANCE COMPANY, ROYAL MANAGEMENT CORPORATION HEALTH INSURANCE PLAN, and ROYAL MANAGEMENT CORPORATION, | ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

Presently before us is Plaintiff James Killian's motion for reconsideration. (Dkt. No. 290.) Although Killian does not cite to a particular Federal Rule of Civil Procedure as authority, we deem his motion to be a Rule 59(e) motion as it challenges the merits of certain aspects of our July 6, 2010 Order. *Killian v. Concert Health Plan*, No. 07 C 4755, 2010 WL 2681107 (N.D. Ill. July 6, 2010) [hereinafter *Killian II*].[1] In that Order, we granted summary judgment in favor of defendant Concert Health Plan Insurance Company ("CHPIC") and partially granted summary judgment in favor of defendants Royal Management Corporation Health Insurance Plan ("Royal Plan") and Royal Management Corporation ("RMC"). For the reasons discussed below, Killian's motion for reconsideration is denied.

---

[1] We assume familiarity with the factual background as described in detail in *Killian II*, 2010 WL 2681107, at *1–2, as well as *Killian v. Concert Health Plan*, 651 F. Supp. 2d 770, 777 (N.D. Ill. 2009) [hereinafter *Killian I*].

# ANALYSIS

To succeed on a Rule 59(e) motion, the moving party must present newly discovered evidence, point out an intervening change in controlling law, or clearly establish that the court committed a manifest error of law or fact. *See Caisse Nationale de Credit Agricole v. CBA Indus., Inc.*, 90 F.3d 1264, 1269–70 (7th Cir. 1996); *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citation omitted). Indeed, reconsideration is appropriate in very limited circumstances, such as "where (1) the court has patently misunderstood a party; (2) the court has made a decision outside the adversarial issues presented to the court by the parties; (3) the court has made an error not of reasoning but of apprehension; (4) there has been a controlling or significant change in law . . . or (5) there has been a controlling or significant change in the facts." *BP Amoco Chem. v. Flint Hills Res., LLC*, 489 F. Supp. 2d 853, 856 (N.D. Ill. 2007); *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191–92 (7th Cir. 1990); *see Hickory Farms, Inc. v. Snackmasters, Inc.*, 509 F. Supp. 2d 716, 719 (N.D. Ill. 2007) ("Reconsideration is appropriate, generally speaking, only when the Court overlooked or misunderstood something.").

Here, Killian has not identified newly discovered evidence or any intervening changes in controlling law or facts. Having reviewed the pending motion, as well as the original summary judgment submissions, we perceive no misapprehension or manifest error of law or fact. Nonetheless, we briefly address some of Killian's concerns.

A.      **Breach of Fiduciary Duty Claim**

To begin, Killian argues that we employed the wrong standard to analyze his breach of fiduciary duty claim. (Mot. ¶¶ 6–8.) Killian insists that mere "prejudice" to an employee is enough to warrant monetary relief for technical violations of ERISA notification requirements. (Mot. ¶¶ 6–8.) This argument is baseless. By relying on a selective quotation of a leading authority, *Kreutzer v. A.O. Smith Corporation*, 951 F.2d 739 (7th Cir. 1991), Killian misses an important limitation of the legal principle at issue. (Mot. ¶¶ 6–8.) *Kreutzer*, and the many cases citing it, do not hold that "prejudice is sufficient to recover for procedural violations," as Killian suggests. (*Id.* ¶ 7.) To the contrary, *Kreutzer* states that employers who have "otherwise prejudiced their employees *by inducing their reliance* on a faulty plan summary," may be liable for procedural violations. 951 F.2d at 743 (emphasis added). Thus, actionable prejudice arises only where a plan fiduciary induces participants to rely on misleading documentation. The prejudice standard discussed in *Kreutzer* is simply the same "detrimental reliance" standard referenced in our Order, and in the controlling Seventh Circuit decisions cited therein. *Killian II*, 2010 WL 2681107, at *11. And as discussed in the Order, Killian has not raised a question of fact as to bad faith, purposeful concealment or detrimental reliance sufficient to withstand summary judgment on the breach of fiduciary duty claim. *Id.*

Relatedly, Killian contends that we overlooked the Seventh Circuit's recent decision in *Kenseth v. Dean Health Plan, Inc.*, — F.3d —, 2010 WL 2557767 (7th Cir. June 28, 2010) (vacating summary judgment on a breach of fiduciary duty claim where the plaintiff contacted the plan administrator to confirm that her scheduled surgery would be covered but received misinformation). He argues that *Kenseth* addressed "similar facts and claims" because "the

amount at stake was the same" and because "both matters also involve calls to an 800 number to confirm coverage." (Mot. ¶ 4.) Contrary to Killian's assertion, *Kenseth* is distinguishable in at least one critical respect: Killian, unlike Kenseth, did not call an 800 number to confirm coverage and furthermore, did not rely on the resulting conversation.

Killian alleges that he called CHPIC "to confirm that Rush University was a network provider" and then relied on CHPIC's statements or omissions regarding Rush. (Compl. ¶ 25.) These allegations are simply not borne out by the evidence in the record, however. (Resp. to CHPIC Facts ¶ 36; CHPIC Facts, Ex. R, Killian Dep. at 54–55, 71–74, 123–24, 137–39.) Firstly, there is no evidence that Killian called the 800 number on the back of Susan's insurance card *to confirm coverage* prior to receiving care at Rush. In his deposition, Killian testified that he called an 800 number twice on April 7, 2006, to inform CHPIC that Susan would be admitted to the hospital that same day and to arrange for preadmission approval. (CHPIC Facts, Ex. R, Killian Dep. at 71–74.) On that date, neither CHPIC customer service agent gave Killian any information about whether or not Rush was in Susan's network, nor did he ask for clarification. (*Id.*; *see also id.* at 74, 108, 126.) Secondly, even assuming that CHPIC's agents should have offered such information, Killian and his wife decided to seek a second opinion and treatment for her cancer at Rush regardless of whether it was an in-network provider. (*See* CHPIC Facts, Ex. R, Killian Dep. at 137–39 (acknowledging that the Killians decided to get the second opinion at Rush "no matter what" and further agreeing that, before seeking treatment, neither of them made "any efforts . . . to confirm whether any of those providers or treaters were within the network"). As found in our Order, the Killians thus did not rely on any statement made by CHPIC or RMC to their detriment. *Killian II*, 2010 WL 2681107, at *11. Because of these factual

distinctions, *Kenseth* is not controlling.

Additionally, as a procedural matter, Killian neglected to raise this issue in his opposition to the motions for summary judgment. That is, when defendants sought dismissal of his breach of fiduciary duty claim, Killian argued only that defendants were liable for RMC's alleged delegation of its claims administration duties and failure to provide adequate documentation to plan participants. (*See* Resp. to CHPIC MSJ at 13–14; Resp. to RMC MSJ at 8–9.) Neither of his response briefs include a single factual reference or legal argument concerning the phone calls he now raises. If Killian wished to advance his fiduciary duty claim based on those allegations, he should have developed it earlier. *See, e.g.*, *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (rejecting arguments on a motion to reconsider that were not raised in response to a summary judgment motion, because reconsideration motions should not "serve as the occasion to tender new legal theories for the first time"). As it is, he is hard-pressed to imply that we neglected the argument.

**B.     Benefits Claim**

In his motion, Killian informs us that the Supreme Court recently granted a petition for a writ of certiorari in *Cigna Corporation v. Amara*, No. 09-804, 2010 WL 10538 (June 28, 2010). (Mot. ¶¶ 9–10.) Killian does not explain the significance of *Cigna Corporation* or request any particular relief. (*Id.*) Nonetheless, to the extent that he contends the question presented in *Cigna Corporation* is relevant to this case, he is mistaken.

The question presented in *Cigna Corporation* is what "showing a participant in an ERISA-governed plan must make to recover benefits based on an inconsistency between the Summary Plan Description . . . and the plan itself." (Pet. for Writ of Cert., *Cigna Corp. v.*

*Amara*, 2010 WL 831182, at *1–2 (S.Ct. No. 09-804) (explaining that some circuits, including the Seventh Circuit, permit plaintiffs to recover benefits only if they can show reliance or prejudice based on the faulty SPD, while others do not require such proof).) This open issue has no bearing on this case, however, because Killian's benefits claim is not based on an alleged inconsistency between the SPD—here, known as the Employee Benefits Summary ("EBS")—and the plan itself. To be sure, he argues such discrepancies exist and, moreover, that the EBS is inadequate. *See Killian II*, 2010 WL 2681107, at *3–10. While we agree with Killian that the EBS failed to comply with ERISA's requirements, *Killian II*, 2010 WL 2681107, at *4, his benefits claim does not hinge on any alleged discrepancies between the EBS and Royal Plan documentation. According to Killian, his benefits claim stems from CHPIC's failure "to comply with the regulations regarding notification of benefit determinations," found at 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1(j). (*See* Compl. at 2–4.) We thoroughly analyzed this claim in our Order, and the *Cigna Corporation* petition does not warrant reconsideration. *See Killian II*, 2010 WL 2681107, at *7–10.

Finally, in the Order, we noted in passing that this benefits claim based on alleged § 1133 violations "is the sole claim Killian understood and pursued from the start." *Killian II*, 2010 WL 2681107, at *9. Killian apparently misunderstood this comment, as he now complains that the § 1133 claim "cannot be described as his sole claim." (Mot. ¶ 11.) We are well aware that Killian's benefits claim based on § 1133 violations is not his only claim against CHPIC. For example, in the Order we also addressed his claim against CHPIC for breach of fiduciary duty. *Killian II*, 2010 WL 2681107, at *10–11; *see also Killian I*, 651 F. Supp. 2d at 777 (evaluating a prior claim against CHPIC pursuant to 29 U.S.C. §§ 1024 and 1132(c)(1)). With this "sole

claim" comment, we intended merely to emphasize that, despite the imperfections of CHPIC's notification letters, Killian was able to contest CHPIC's benefits determination and consistently pursued this claim from the inception of the case. *Killian II*, 2010 WL 2681107, at *9.

## CONCLUSION

As discussed above, Killian's motion for reconsideration is denied. It is so ordered.

                                                        Honorable Marvin E. Aspen
                                                        U.S. District Court Judge

Date: July 28, 2010