UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES E. KILLIAN, | ) | |
| | ) | |
| Plaintiff, | ) | 07 C 4755 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| CONCERT HEALTH PLAN, CONCERT HEALTH | ) | |
| PLAN INSURANCE COMPANY, ROYAL | ) | |
| MANAGEMENT CORPORATION HEALTH | ) | |
| INSURANCE PLAN, and ROYAL MANAGEMENT | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

The background of this case, which was brought under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*., is set forth in *Killian v. Concert Health Plan*, 742 F.3d 651 (7th Cir. 2013) (en banc), familiarity with which is assumed. The Seventh Circuit remanded the case with instructions to resolve three issues. *Id*. at 671. Pertinent here, the Seventh Circuit "reverse[d] the grant of summary judgment on the breach of fiduciary duty claim with respect to Mr. Killian's telephone inquiries and remand[ed] to permit the trier of fact to determine: (1) whether the telephone calls put Concert on adequate notice, thus giving rise to a duty to disclose material information related to the Killians' situation, (2) whether Concert breached this duty and (3) whether the breach harmed Mr. Killian," and, if Mr. Killian prevails on liability, for "the district court [to] address the type of remedy available under ERISA." *Id*. at 671 & n.50. A bench trial has been set for October 20, 2014. Doc. 404.

Now before the court is Defendants' motion for summary judgment on the fiduciary duty claim. Docs. 399, 410. The motion's principal infirmity is that it asks the court to do

something—grant summary judgment on the fiduciary duty claim—that is inconsistent with the Seventh Circuit's mandate. The Seventh Circuit reversed the district court's grant of summary judgment on that claim and remanded for "the trier of fact" to resolve it. It is axiomatic that the "trier of fact" decides things at a trial, not on summary judgment, and this is so even though the judge will be the trier of fact at the bench trial.

"Two related principles, the mandate rule and the law of the case doctrine, prohibit a district court from revisiting certain issues on remand. The mandate rule requires a lower court to adhere to the commands of a higher court on remand." *United States v. Polland*, 56 F.3d 776, 777 (7th Cir. 1995). "For instance, where this court states 'the sentence is Vacated, and the case is Remanded for resentencing on the issue of obstruction of justice,' we held based on the mandate rule that 'the only issue properly before the district court was the appropriateness of an enhancement for obstructing justice.'" *United States v. Adams*, 746 F.3d 734, 744 (7th Cir. 2014) (quoting *Polland*, 56 F.3d at 778). Although a district court is not "bound by the higher court's dicta … explicit rulings on issues that were before the higher court and *explicit directives by that court to the lower court concerning proceedings on remand* are not dicta." *Cole Energy Dev. Co. v. Ingersoll-Rand Co.*, 8 F.3d 607, 609 (7th Cir. 1993) (emphasis added). The Seventh Circuit's explicit directive is for the trier of fact to make certain determinations at trial regarding the fiduciary duty claim, and granting summary judgment to Concert would be unfaithful to that directive.

The motion's other infirmity, independent of the one just discussed, is that it presses certain specific arguments—that Mr. Killian suffered no harm from the alleged breach of fiduciary duty, that Mrs. Killian's healthcare providers have no viable claim against Mr. Killian for the unpaid medical bills because the relevant statute of limitations has expired, that the

Killians would have chosen those providers even if Concert had informed Mr. Killian that they were out-of-network, and that Concert was under no duty to inform Mr. Killian that the providers were out-of-network—that the Seventh Circuit explicitly and at length held were not grist for summary judgment. *See Killian*, 742 F.3d at 661-70. Defendants have not come close to establishing that the Seventh Circuit's conclusions were so wide of the mark, in light of either the evidence that was before the Seventh Circuit or the additional evidence developed during post-remand discovery, that this court could or should take a different view on remand. *See Cole Energy Dev. Co.*, 8 F.3d at 609 ("If it is apparent that the higher court has committed a serious and demonstrable error, factual or legal …[,] in circumstances where correction by filing a petition for rehearing in the higher court would not have been feasible …, the lower court can correct it on remand.").

This is not to say that Defendants will lose and Mr. Killian will win at trial on the fiduciary duty claim. The only point here is that Defendants cannot prevail on that claim at summary judgment, when the record must be viewed in the light most favorable to Mr. Killian. Accordingly, Defendants' summary judgment motion is denied.

August 22, 2014        _____

                                   United States District Judge